# Richmond.

SINCLAIR AND ANOTHER v. QUACKENBUSH.

February 5, 1903.

1. OYSTERS—*Planting Grounds—Application.*—Under the provisions of
section 2137 of the Code, it is not necessary that an application to
an oyster inspector for a location to plant oysters should be in
writing. If in all other respects the application conforms to the
law, a verbal application is sufficient.

Appeal from a decree of the Circuit Court of Warwick
county, pronounced March 18, 1902, in a suit in chancery,
wherein the appellee was the complainant, and the appellants
were the defendants.

*Reversed.*

The opinion states the case.

*F. S. Collier,* for the appellants.

*W. T. Moss* and *John H. Gilkerson,* for the appellee.

KEITH, P., delivered the opinion of the court.

It appears that one Vaughan Jones applied verbally to Sin-
clair, an oyster inspector for the county of Warwick, to as-
sign a certain parcel of land to him as oyster-planting ground.
Afterwards Quackenbush applied to Sinclair in writing for the
same ground. It coming to the knowledge of Quackenbush
that the inspector was about to assign the ground to Jones, he
filed his bill and obtained an injunction from the Circuit Court

of Warwick county. The bill was demurred to, and at the hearing of the cause the demurrer was overruled, the injunction perpetuated, and Sinclair ordered to assign the planting-ground to Quackenbush.

The only question presented for decision is whether, under section 2137 of the Code, an application to an oyster inspector by a person who desires to obtain a location for planting oysters shall be in writing, or whether a verbal application, which in all other respects complies with the law, is sufficient.

Section 2137 embodies the law upon the subject. It states what the applicant must do in order to secure an assignment of oyster-planting ground. Neither by its express terms, nor by any proper intendment, does it provide that the application shall be in writing.

It is for the courts to enforce the law as it is written, and to require the application to be in writing when the Legislature has not seen fit to do so, would be to introduce a new term into the statute.

In *Dillard* v. *Thornton*, 29 Gratt. 392, 398, it was objected that the notice of the motion was not in writing, but Judge Burks, in delivering the opinion of the court, says: "The notice to reverse or correct a judgment by default, or to quash an execution, is not required to be in writing. All that is required is that it must be a 'reasonable notice.' Code of 1873, ch. 177, sec. 5; ch. 183, sec. 40."

In speaking of the notice to be given of a motion, Professor Minor, in the second part of Volume 4 of his Institutes, at p. 1318, says: "In prudence the notice should be in writing, but it seems to be in general not indispensable. Its purpose is to acquaint the defendant with the grounds on which he is to be proceeded against; and if it be so plain that the defendant cannot mistake the object of the motion, it suffices, however wanting it may be in form and technical accuracy."

And Mr. Barton, in his Law Practice, 2nd Vol., p. 1043,

says: "The notice should properly be in writing, and in practice is almost universally written out and served by copy, but this is not regarded as indispensable.'"

The common law constituted the jurisprudence of England when reading and writing were confined to a very small class of the people, and therefore the most solemn contracts and transactions were necessarily entered into by word of mouth and established and authenticated by the testimony of witnesses, and it is perhaps not going too far to say that no act or transaction is void merely because there is no written record or monument of it, unless a statute can be vouched which requires that it shall be in writing.

It was suggested in argument, and it is very likely true that it was with knowledge on the part of the Legislature when dealing with this subject that very many persons interested in planting oysters were illiterate, and that it would be virtually to deprive them of the privilege which the statute confers, or, at least, seemingly hinder its enjoyment to require the application to be made in writing. We are not called upon, however, to vindicate the wisdom of the Legislature in what it has seen fit to embody in the statute, or to omit from it. Our duty ends when we have construed the law as it is written.

For these reasons we are of opinion that the decree of the Circuit Court should be reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*